UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

| | |
|---|---|
| **CELESTE B. DOVE,** | ) |
| **Plaintiff** | ) ) ) ) |
| v. | ) Civil Action No. 3:21-cv-690 ) |
| **NORTH AMERICAN PARTNERS IN ANESTHESIA (VIRGINIA), LLC** | ) ) ) |
| **Defendant** | ) ) |

**COMPLAINT**
**(Jury Trial Requested)**

COMES NOW the Plaintiff, Celeste B. Dove, by counsel, and for her Complaint against North American Partners in Anesthesia (Virginia), LLC, alleges as follows:

**NATURE OF CLAIMS**

1. Plaintiff Celeste Dove ("Dove" or "Plaintiff") is a disabled person who was employed with North American Partners in Anesthesia (Virginia), LLC (hereinafter "NAPA" or "Defendant") in January of 2000. In November 2020, Defendant terminated Plaintiff. This is a civil action under Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) against Defendant for failure to provide her reasonable accommodations, and for discriminating against Plaintiff because of her disability or her record of a disability. Plaintiff seeks backpay, front pay, compensatory damages, punitive damages, declaratory judgment, injunctive relief, and costs and attorney's fees to redress unlawful discriminatory practices

1

during her employment, all done in violation of Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a).

## JURISDICTION AND VENUE

2. This Court has original jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331 and 1343.

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(b) because Defendant resides in this district and the acts complained of occurred within the jurisdiction of the United States District Court for the Eastern District of Virginia.

## PARTIES

4. Dove is a female U.S. citizen and resident of Richmond, Virginia. At all times relevant to the matters alleged herein, Dove was a qualified individual with a disability within the meaning of the Rehabilitation Act. Dove was employed with Defendant as a Certified Registered Nurse Anesthetist between January of 2000 and November of 2020.

5. Defendant NAPA is a company that offers anesthesia and perioperative services in over 500 healthcare facilities nationwide. NAPA is an entity that receives federal funds.

## FACTS

6. Dove incorporates the allegations of the preceding paragraphs as though fully set forth here.

7. Dove was diagnosed with polycystic kidney disease and polycystic liver

disease in 1997 and continues to be inflicted with these medical conditions.

8. Dove was hired by NAPA in or around January 2000 as a Certified Registered Nurse Anesthetist. Dove made NAPA aware of her disability.

9. In May of 2017, Dove underwent a kidney and liver transplant.

10. Dove was out of work for more than two years after the kidney and liver transplant. Dove returned to work in January 2019 and requested a reasonable accommodation for her disability.

11. The reasonable accommodation was granted at the time.

12. Since January of 2019, Dove had the following reasonable accommodation in place: (1) that she work no more than 8 – 9 hours per day; (2) that she only work in Endoscopy[1] and not in the operating room because there was less danger of her being exposed to infection; and (3) that she not be required to carry more than 20 pounds.

13. In or around October 2019, Dove complained to the Chief Anesthesiologist, Matt Woods, that NAPA was discriminating against her because of her race (African American) and because of her disability.

14. At or around May 2020 NAPA acquired American Anesthesiology, a MEDNAX medical group delivering anesthesia, pain management and perioperative care.

---

[1] Endoscopy is a nonsurgical procedure used to examine a person's digestive tract. Using an endoscope, a flexible tube with a light and camera attached to it, the procedure reveals pictures of the patient's digestive tract on a color TV monitor.

15. Beginning in or around June 2020, the Endoscopy Nurse Manager, Chantelle Lands, informed Dove that she would need to tell her or the Charge Nurse whenever Dove needed to use the restroom.

16. At or around October 1, 2020, a registered nurse in Endoscopy, Carla Davis, made a complaint about Dove and claimed that Dove had threatened Davis. Ms. Davis' claim was false and unfounded.

17. At or around October 1, 2020, Dove was informed that a complaint had been made against her, that an investigation would be conducted, and that Dove needed to leave work pending the investigation.

18. In late October 2020, Dove received a call from Christine Boateng in Human Resources and was told that the investigation of Ms. Davis' complaint was complete, that the complaint was dismissed as unfounded, but that the staff did not want Dove to return to work. Ms. Boateng then told Dove that the 20-lb lifting restriction was causing an issue with placement. Dove responded that she could ask her physician to remove the 20-lb weight restriction.

19. In late October 2020, Ms. Boateng told Dove that NAPA would no longer accommodate her and that therefore, Dove needed to go on disability.

20. On November 2, 2020, Dove's medical provider, Dr. Mitchell Shiffman wrote a note detailing Dove's required accommodations and removed the 20-lb lifting restriction.

21. On November 6, 2020, Dr. Shiffman completed a Health Care Provider Certification form and submitted it to NAPA.

22. Ms. Boateng then told Dove to contact UNUM, the employer's third-party disability insurance carrier, about disability leave. Ms. Boateng told Dove "You have to be on disability because we don't have a placement for you."

23. Dove asked Ms. Boateng if there was any placement at any hospital or medical facility in the Richmond area and Ms. Boateng responded "no".

24. At or around November 20, 2020, Dove received a voicemail from Mandy (lnu) at UNUM stating that she spoke to HR at NAPA and the employer would no longer accommodate her.

25. At or around November 24, 2020, Dove received a text message from Jessica (lnu) with Goldfish Staffing, a recruiting agency that works with NAPA. Jessica advised Dove that Riverside Hospital had cancelled Dove's assignments for December without any explanation and that Jessica had been told by NAPA to cancel Dove as a potential contact for CRNA positions.

26. At or around November 30, 2020, Dove applied for short term disability through UNUM and was denied because NAPA notified UNUM that Dove was still employed.

27. Dove's disability affects major life activities. Dove's immune system is suppressed and, therefore, Dove must limit her exposure to bacteria and viruses and is required to be more cautious with the patients she cares for and the environment that she is in.

28. Dove's impairment substantially limits one or more body systems, including the gastrointestinal and urinary systems.

29. Dove is required to take daily medications which require her to take frequent and sudden trips to the restroom.

30. Dove requires a consistent schedule.

31. Dove requires frequent bathroom breaks.

32. Dove is an individual with a disability.

33. Dove's job duties included providing anesthesia to patients during or after a medical procedure; administering medications to keep patients asleep or pain free; and monitoring patients during and after the medical procedure. Dove enjoyed her job and enjoyed caring for her patients.

34. Dove was qualified to do her job.

35. On June 14, 2021, NAPA requested that Dove undergo an Independent Medical Examination by Dr. Stephen M. Cohen. Dr. Cohen reviewed Dove's medical records including 4592 pages from Johns Hopkins Hospital, interviewed and examined Dove.

36. Dr. Cohen concluded that Dove is qualified to work as a CRNA without any lifting restriction and that she has the ability to lift or move patients as required. Dr. Cohen further concluded that Dove was qualified for her position.

37. In the almost 20 years of employment, Dove had never received a write-up or written reprimand and was successful at her job.

## COUNT ONE
### Section 504(a) of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)

38. The foregoing allegations are incorporated as if re-alleged herein.

39. Defendant has received and continues to receive federal financial.

40. Defendant NAPA is an employer pursuant to the Rehabilitation Act of 1973.

41. Plaintiff Dove has been diagnosed with polycystic kidney disease and polycystic liver disease.

42. Plaintiff Dove is and has been a qualified individual with a disability as those terms are defined by the Rehabilitation Act.

43. Defendant has violated Dove's rights under the Rehabilitation Act of 1973 when it failed to accommodate Dove.

44. Defendant also refused to find another placement for Dove to work.

45. Defendant terminated Dove and suspended her pay because of her disability, because of her record of a disability, or because of her need for an accommodation.

46. Defendant's actions were done in willful violation of Plaintiff's rights under the Rehabilitation Act. Dove is entitled to punitive damages.

47. As a direct and proximate result of Defendant's actions, Plaintiff has suffered, continues to suffer, and will in the future suffer injury and damages, including lost wages, embarrassment, inconvenience, humiliation, severe mental anguish, pain, suffering, litigation expense including attorney's fees, medical expense, consequential damages and other injury.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that judgment be entered in

her favor and against the Defendant on the above-stated counts, and that in addition this Court issue an Order granting the following:

(i) For appropriate equitable relief against Defendant as allowed by the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and including the enjoining and permanent restraining of these violations, and direction to Defendant to take such affirmative action as is necessary to ensure that the effects of the unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment opportunities;

(ii) Declaring that the acts and practices complained of herein are in violation of the Plaintiff's rights as secured by the Rehabilitation Act of 1973, 29 U.S.C. § 794(a) *et seq.;*

(iii) Awarding Plaintiff back pay and benefits for violations of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a);

(iv) Awarding that the Plaintiff be placed in the position to which she sought to be promoted under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a)*,* or in the alternative in the event that reinstatement or placement in the promoted position is not feasible in light of the level of hostility exhibited by Defendant, for an award of front pay under the Rehabilitation Act of 1973, 29 U.S.C. § 794(a);

(v) Awarding Plaintiff compensatory and punitive damages in the amount to be determined by the jury at trial;

(vi) Awarding Plaintiff an amount sufficient to offset any adverse tax consequences resulting from a lump sum award or an award of other relief in this

action because they were required to file suit to enforce their federally protected rights;

(vii) Awarding Plaintiff other appropriate injunctive relief;

(viii) Awarding Plaintiff incidental and consequential damages, reasonable attorney's fees and costs of this action, including expert witness fees; and in addition;

(ix) Awarding Plaintiff such other and further relief as may be appropriate under the circumstances.

**TRIAL BY JURY IS REQUESTED.**

Respectfully Submitted,

CELESTE DOVE

By Counsel

_____/s/ Tim Schulte_____
Tim Schulte (VSB #41881)
Blackwell N. Shelley, Jr. (VSB #28142)
Shelley Cupp Schulte, P.C.
3 W Cary Street
Richmond VA 23220
(804) 644-9700
(804) 278-9634 [facsimile]
Shelley@scs-work.com
Schulte@scs-work.com

Timothy E. Cupp (VSB #23017)
Shelley Cupp Schulte, P.C.
1951 Evelyn Byrd Avenue, Suite D
Harrisonburg VA 22803
(540) 432-9988
(804) 278-9634 [facsimile]
Cupp@scs-work.com